# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TYREE S. PARSON,

        Petitioner,    :    Case No. 3:14-cv-414

- vs -    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Parson avers that he was convicted in the Montgomery County Common Pleas of murder and having weapons under disability (Petition, Doc. No. 1, PageID 4, ¶ 5).[1] Parson appealed to the Second District Court of Appeals which affirmed his conviction. *State v. Parson*, 2013-Ohio-1069, 2013 Ohio App. LEXIS 946 (2nd Dist. Mar. 22, 2013). Parson failed to file a timely appeal and the Ohio Supreme Court denied his motion for leave to file a delayed appeal. *State v. Parson*, 137 Ohio St. 3d 1421 (2013).

---

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page. The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference. (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.)" The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy. Therefore, nonconforming filings will be stricken.

1

Parson then timely filed the instant habeas corpus petition, pleading two grounds for relief:

> **Ground One:** Insufficiency of evidence. Evidence presented did not support the charged indictment.
>
> **Ground Two:** Verdict of Murder was clearly against the manifest weight of the evidence.

(Petition, Doc. No. 1-1, PageID 8, 10.) In lieu of any statement of supporting facts as called for by the required § 2254 petition form, Parson says he "will submit Brief/Memorandum in Support upon receipt of court record and transcripts." *Id.*

## ANALYSIS

**Procedural Default**

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72

2

(1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting*

3

*Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

In this case, Parson procedurally defaulted on both of the claims made in the Petition when he failed to file a timely direct appeal to the Ohio Supreme Court. Ohio has an applicable procedural rule: appeals from the Ohio intermediate appellate courts to the Supreme Court of Ohio must be filed within forty-five days of final judgment in the court of appeals. The forty-five day time limit on appeal to Ohio Supreme Court prescribed by S. Ct. Prac. R. 7.01(A)(1) is an adequate and independent state ground of decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted). Lack of counsel at that stage, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default. *Bonilla*, *citing Murray v. Carrier,* 477 U.S. 478, 494-95 (1986). Where a state court is entirely silent as to its reasons for denying requested relief, as when the Ohio Supreme Court denies leave to file a delayed appeal by form entry as it did here, the federal courts assume that the state court would have enforced any applicable procedural bar. *Bonilla,* 370 F.3d at 497, *citing Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

Accordingly, Parson's claims are barred by his procedural default in not timely appealing to the Supreme Court of Ohio. On this basis, the Petition should be dismissed with prejudice. In the alternative to this procedural default analysis above, the Magistrate Judge also offers the following merits analysis.

**Ground One: Insufficient Evidence**

In his First Ground for Relief, Parson claims he was convicted on insufficient evidence. An allegation that a verdict was entered upon insufficient evidence states a claim under the Due

Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d

5

> 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith,* 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062 (2012)(*per curiam)*.

Judge Hall, writing for the Second District Court of Appeals, found the following facts had been testified to at trial:

> **[*P3]** The present appeal stems from the fatal shooting of Dequan Smith. The shooting occurred outside of a Dayton-area apartment on the night of August 13, 2011. Just before the shooting, Joanna Glover and Jerome Bogle were sitting in a parked car near the apartment waiting to pick up Smith and Danny Parson, the

6

appellant's cousin. When Danny Parson reached the car, he attempted to open the rear door. Smith also approached the car with the appellant following him on foot. A short time earlier, Smith and the appellant had been overheard arguing.

**[\*P4]** Glover testified at trial that while she was talking to Bogle she heard gunfire and felt a bullet strike the parked car. (Trial Tr. at 497). She looked up and saw the appellant holding a chrome semi-automatic handgun by his side. (*Id*. at 497-499). Glover did not actually see the appellant shoot Smith because she was not looking, but she did not see anyone else present with a gun. (*Id*. at 513-514). According to Glover, Smith got into the back seat and announced that he had been "hit." (*Id*. at 502). Bogle and Glover proceeded to drive to the hospital, but Smith died on the way. (*Id*. at 505).

**[\*P5]** Bogle also testified at trial. He recalled sitting and talking to Glover as Danny Parson and Smith walked up to his car. (*Id*. at 752, 755). According to Bogle, the appellant then came around a corner and fired a shot that struck Smith. (*Id*. at 755-757, 761-762). On cross examination, Bogle stated that he was looking at Smith and did not see a "flash" from the gun. (*Id*. at 784, 787).

**[\*P6]** The State also presented testimony from Danny Parson. He testified that he heard a shot as he and Smith were trying to get into Bogle's car. (*Id*. at 620-621). Parson turned and saw Smith holding his side. (*Id*. at 622). Parson also saw the appellant walking away from the front of Bogle's car immediately after the shot. (*Id*. at 624). The appellant was only ten to twelve feet away at the time. (*Id*. at 708). Parson did not see the appellant pull or shoot a gun. (*Id*. at 623). Nor did he see the appellant holding a gun. (*Id*. at 731-732).

**[\*P7]** The appellant's former girlfriend, Sheila Elam, testified about speaking to the appellant on the telephone after the shooting. When she asked him what had happened, the appellant responded "that he had shot and killed somebody." (*Id*. at 459). According to Elam, the appellant told her he was "laying low." (*Id*. at 459). Police apprehended the appellant in September 2011 after receiving a tip concerning his whereabouts.

*State v. Parson*, 2013-Ohio-1069, 2013 Ohio App. LEXIS 946 (2nd Dist. Mar. 22, 2013).

[*P9] In his first two assignments of error, the appellant argues that his murder conviction is based on legally insufficient evidence and is against the manifest weight of the evidence. In support, he contends no one actually saw him shoot Smith and no one testified that he shot Smith. As a result, he reasons that the murder conviction cannot stand.

[*P10] When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist.2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

[*P11] Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997 Ohio 52, 678 N.E.2d 541. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 20 Ohio B. 215, 485 N.E.2d 717 (1st Dist.1983).

[*P12] With the foregoing standards in mind, we conclude that the appellant's murder conviction is supported by legally sufficient evidence and is not against the weight of the evidence. Although Glover did not see the appellant shoot Smith, she looked up immediately after hearing the shot and saw the appellant standing nearby holding a handgun by his side. Glover did not see anyone else present with a gun. As for Bogle, he did testify that the appellant shot Smith.[FN 1 In his brief, the appellant claims Bogle

8

>admitted that did [sic] not see anyone shoot Smith. The appellant cites testimony from page 761 of the trial transcript in support. (Appellant's brief at 4). We don't interpret that testimony so narrowly. Moreover, at page 784, Bogle said, "He [Smith] turned around, and faced him [the defendant], and boom, there it was." A similar statement appears on page 785.] Based on Bogle's cross-examination testimony, however, it is not explicitly clear whether he actually saw the shot or whether he inferred that the appellant was the shooter. As set forth above, Bogle acknowledged that he was looking at Smith and did not see any gunfire "flash" (which he presumably would have if he had been looking at the appellant because the shooting occurred at night). Finally, Danny Parson testified that he saw the appellant walking away from the front of Bogle's car immediately after the shot.

*Id.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Based on the facts as found by the Second District, its conclusion is neither contrary to nor an objectively unreasonable application of *Jackson v. Virginia*. The court applied Ohio precedent – *State v. Jenks* -- that embodies the federal standard and reasonably applied that standard to the facts it found. We are therefore bound under the AEDPA to defer to that decision. The First Ground for Relief is therefore without merit.

**Ground Two: Manifest Weight of the Evidence**

In his Second Ground for Relief, Parson claims his conviction is against the manifest

9

weight of the evidence. Ohio appellants often combine these two claims on appeal, as Parson did here. However, the manifest weight claims does not state a claim under the United States Constitution: there is no constitutional prohibition against convictions against the manifest weight of the evidence. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983). A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Therefore the Second Ground for Relief should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 3, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).